# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SAMDREKUS EUGENE BESTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-01106-RDP-SGC |
| | ) |
| **KEVIN ROBERSON,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is an action filed by Plaintiff Samdrekus Eugene Bester under 42 U.S.C. § 1983. (Doc. # 1).[1] On October 29, 2025, the Magistrate Judge entered a Report and Recommendation (the "R&R") recommending that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted because Plaintiff cannot establish elements of his claims as a matter of law. (Doc. # 13). For the reasons discussed below, the court accepts the recommendation to dismiss this case.

## I.     Procedural History

Plaintiff filed his Complaint in this action on July 10, 2025. (Doc. # 1). He alleges that his arrest on September 22, 2023 was unlawful. (*Id.* at 14). He asserted claims for (1) false arrest, (2) malicious prosecution, and (3) due process violations. (*See generally* Doc. # 1). His arrest occurred following his indictment by a federal grand jury on one count of Conspiracy to Possess with Intent to Distribute Methamphetamine in *United States v. Bester*, Case No. 2:23-cr-00320-MHH-GMB, Doc. # 1).

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. # __ at __).

On October 29, 2025, the Magistrate Judge's R&R recommending that Plaintiff's complaint be dismissed for failure to state a claim was sent to Plaintiff at his then-current mailing address.[2] (Doc. # 13). The R&R included a notice of Plaintiff's right to file written objections within fourteen days. (*Id*. at 6). However, there were issues actually getting that R&R to Plaintiff because he has moved among different correctional facilities. On November 13, 2025, after receiving a notice from Plaintiff updating his address, the court sent a second copy of the R&R to Plaintiff at his new address, the Cherokee County Jail. (Doc. # 15).[3] Later the same day, the court received another notice from Plaintiff, dated November 5, 2025, updating his address to the Morgan County Jail. (Doc. # 16). Therefore, the court sent a third copy of the R&R to Plaintiff at that address.

On November 19, 2025, after receiving a letter from Plaintiff, the court ordered the Clerk of Court to send to him a fourth copy of the October 29th R&R and other documents, including the docket sheet for this case, to him at the Morgan County Jail. (Docs. # 17, 18). The court also extended the deadline for Plaintiff's response to the R&R by another fourteen days. (Doc. # 18). On December 1, 2025, the court received Plaintiff's motion requesting an additional extension of his deadline to object to the R&R because, he contends, the court did not send him a copy of the R&R until November 17, 2025. (Doc. # 20).[4]

## II.   Analysis

In his filing, Plaintiff asserts that the court withheld the R&R and did not send him a copy until November 17, 2025, which "arouses his suspicious [sic] of the R&R being timely filed." (*Id.*). He offers no substantive response to the R&R, but instead asks the court to (1) allow him enough

---

[2] When Plaintiff filed the complaint, he was housed at the Hoover City Jail. (Doc. 1 at 10). However, the R&R was mailed to him at the Etowah County Jail because on September 24, 2025, he notified the court of his transfer there consistent with his obligation to update the court regarding any changes to his mailing address. (Doc. # 8; *see* Doc. # 1 at 10).

[3] This notice is dated October 29, 2025, the day the court issued the R&R. (Doc. # 15).

[4] Plaintiff sent this motion from the Morgan County Jail. (Doc. # 20 at 7).

time to amend his civil lawsuit; (2) rescreen his complaint and set a trial date; (3) send him a copy of any defense motions, affidavits, or responses that allow the undersigned to recommend dismissal for failure to state a claim upon which relief can be granted; and (4) order that he be given access to the law library and appoint him counsel or give him ninety days to amend his complaint to address the question of probable cause. (*Id.*).

Obviously, Plaintiff's multiple relocations are outside of his control. Nevertheless, the court timely responded to each notice of relocation by sending (again) a copy of the R&R to Plaintiff at his updated address. In fact, the court sent a total of four separate copies over a period of three weeks. Further, because the court recognized Plaintiff would need an extension, the court proactively extended Plaintiff's objection deadline to December 3, 2025. (Doc. # 18). Given these facts, Plaintiff's suggestion that the court intentionally withheld the R&R, or otherwise delayed its mailing, is frivolous.

In response to the R&R recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted, Plaintiff has offered no substantive response explaining why he should be permitted to proceed on his claims of false arrest and malicious prosecution. He asserts, though, that he filed material in his criminal case asking to be allowed to amend his civil complaint in this case to address the issue of probable cause. (Doc. # 20 at 3). First, any request to amend his Complaint here should be made to this court in this case. Second, the Magistrate Judge's R&R recommending dismissal was not based on the question of whether Plaintiff had adequately challenged any lack of probable cause. Therefore, any amendment of the complaint to include allegations regarding probable cause would be futile. And, for this reason, there is no need for the court to rescreen the complaint.

As to the other relief requested by Plaintiff, the court has already denied Plaintiff's request for appointment of counsel, and Plaintiff has not shown why the court should revisit that decision. (*See*

3

Doc. # 18). And, as explained in the R&R, because Plaintiff sought permission to proceed *in forma pauperis*, 28 U.S.C. § 1915A requires this court to screen the complaint before serving Defendants. Finally, as Defendants have not been served, they have not filed any motions or affidavits concerning this case that the court could send to him.

The court fully agrees with the Magistrate Judge's R&R. Plaintiff has not presented any well-pleaded factual allegations that support a key element of his claims for false arrest or malicious prosecution. In his still-pending criminal case, before Plaintiff was arrested, a federal grand jury indicted him on a drug conspiracy charge. (*United States v. Bester*, 2:23-cr-00320-MHH-GMB, Doc. # 1). Even putting aside the issue that the Magistrate Judge's recommendation was not based on the question of probable cause (which means any amendment to the complaint to include allegations regarding probable cause would be futile), there is another fatal flaw here. Plaintiff's criminal proceedings are ongoing, so he cannot show that the underlying criminal proceeding terminated in his favor, which is required to establish a claim for malicious prosecution.[5] Further, as the criminal proceedings are ongoing, Plaintiff's false arrest claim fares no better. First, Plaintiff cannot yet assert a false arrest claim under the Fourth Amendment. This is a situation analogous to a challenge to an outstanding criminal judgment. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) ("[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."). Second, the record indicates he was arrested under legal process after a grand jury indicted him. Finally, and in any event, even if Plaintiff wishes to challenge probable cause related to his arrest, he should do so in his currently pending criminal case, 2:23-cr-00320-MHH-GMB, he should do so in that case.

For all these reasons, Plaintiff's Complaint is due to be dismissed before service on Defendants for failure to state a claim upon which relief can be granted.

---

[5] *See id.*

**III.     Conclusion**

After careful consideration of the record in this case and the Magistrate Judge's Report, the court **OVERRULES** the objection, **ADOPTS** the Report, and **ACCEPTS** the recommendation. (Docs. # 13, 20). Consistent with that recommendation, a final judgment will be entered dismissing this action without prejudice because Plaintiff has failed to state a claim upon which relief can be granted. This dismissal counts as a "strike" for purpose of 28 U.S.C. § 1915(g).

**DONE** and **ORDERED** this December 19, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE